JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

KELLY CANTEEN,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK; JASON LOPEZ;
ANTHONY MATTESI; and JOHN/JANE DOES,
Nos. 1-10 (Members of the New York City Police
Department Whose Names Are Presently Unknown
to Plaintiff),

                      Defendants.
-----------------------------------------------------------------x

14 CV 1118

**COMPLAINT**

**Jury Trial Demanded**

ECF Case



RECEIVED FEB 21 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff KELLY CANTEEN, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5.  Plaintiff demands trial by jury of all issues triable thereby under Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff KELLY CANTEEN is a resident of Bronx County in the City and State of New York.

7.  Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8.  Defendant JASON LOPEZ (Shield No. 11212) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Lopez was a police officer assigned to the 40th Precinct. Defendant Lopez is being sued in his individual capacity.

9.  Defendant ANTHONY MATTESI (Shield No. 006290) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Mattesi was a detective assigned to Narcotics Borough Bronx. Defendant Mattesi is being sued in his individual capacity.

10. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

11. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants

2

of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

12. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

13. On Friday, March 4, 2011, shortly after 2:00 p.m., plaintiff stopped by 428 East 157th Street, Bronx, New York to see Alphonso Campbell, who lived in the apartment building at that address. Plaintiff had a standing invitation from Mr. Campbell to visit him in his home.

14. Plaintiff entered the lobby of the apartment building, proceeded to Mr. Campbell's apartment, and knocked on the door. No one answered. Plaintiff then left.

15. As plaintiff exited the lobby of the apartment building, several police officers, including defendants Lopez and Matessi, stopped plaintiff without probable cause to believe that plaintiff had committed any crime, reasonable suspicion of any criminal activity, or a common-law right to inquire.

16. The officers asked plaintiff what he was doing in the apartment building.

17. Plaintiff told the officers that he had gone there to visit Mr. Campbell but that Mr. Campbell was not home.

18. An officer replied, in sum and substance, "yeah, right."

19. Plaintiff offered to call Mr. Campbell to verify that plaintiff had a standing invitation to visit Mr. Campbell in his home but the officers refused to let plaintiff make that call.

3

20. The officers handcuffed plaintiff excessively tightly. Plaintiff asked the officers to loosen the handcuffs but they refused to do so.

21. Plaintiff was taken to the 40th Precinct and later to Central Booking in the Bronx.

22. On Saturday, March 5, 2011, plaintiff was released from Bronx Criminal Court without charges, after about 24 hours in custody.

23. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

24. Plaintiff repeats and realleges paragraphs "1" through "23" with the same force and effect as if they were fully set forth herein.

25. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

26. Plaintiff repeats and realleges paragraphs "1" through "25" with the same force and effect as if they were fully set forth herein.

27. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

4

## THIRD CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

28. Plaintiff repeats and realleges paragraphs "1" through "27" with the same force and effect as if they were fully set forth herein.

29. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other defendants, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

30. Plaintiff repeats and realleges paragraphs "1" through "29" with the same force and effect as if they were fully set forth herein.

31. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

32. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making unlawful stops on suspicion of trespass outside privately owned apartment buildings in the Bronx, such as the apartment building at 428 East 157th Street, enrolled in the Trespass Affidavit Program, formerly known as Operation Clean Halls.

33. The existence of the above customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions. *See, e.g., Ligon v. City of New York*, No. 12 Civ. 2274 (SAS), 2013 WL 71800 (S.D.N.Y. Jan. 8, 2013).

5

34. The City and the NYPD has inadequately screened, hired, retained, trained, and supervised police officers, including the individual defendants herein, to respect the constitutional rights of those individuals with whom officers come in contact.

35. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

36. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

37. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
February 21, 2014

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
KELLY CANTEEN, :
 :
                              Plaintiff, :
 :
    -against- :
 :
THE CITY OF NEW YORK; JASON LOPEZ; :
ANTHONY MATTESI; and JOHN/JANE DOES, :
Nos. 1-10 (Members of the New York City Police :
Department Whose Names Are Presently Unknown :
to Plaintiff), :
 :
                             Defendants. :
---------------------------------------------------------------------------x

## COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*